

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# Doreen Ludwig v. Kenneth Meyers

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3765

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Doreen Ludwig v. Kenneth Meyers" (2008). *2008 Decisions.* Paper 670.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/670

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3765
_____

DOREEN LUDWIG,

Appellant

v.

BERKS COUNTY, PENNSYLVANIA;
BERKS COUNTY, PENNSYLVANIA COURT OF COMMON PLEAS;
PRESIDENT JUDGE ARTHUR GRIM; JUDGE SCOTT D. KELLER;
MARK BALDWIN, DISTRICT ATTORNEY; DR. TIMOTHY RING;
DR. LARRY ROTENBERG; KENNETH MEYERS, ESQ.;
PAMELA ULLMAN, ESQ.; JACQUELINE MARK, ESQ.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 07-cv-2127)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 7, 2008

Before:  AMBRO, FUENTES and FISHER, <u>Circuit Judges</u>.

(Filed: August 12, 2008)
_____

OPINION
_____

PER CURIAM

Doreen Ludwig, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing her civil rights action. We will affirm.

Ludwig filed a complaint in divorce against her husband, Chester Stepien, in the Court of Common Pleas of Berks County. In 2006, the trial court issued temporary custody orders awarding custody of Ludwig's children to Stepien. Ludwig unsuccessfully appealed the interlocutory orders to the Pennsylvania Superior Court and the Pennsylvania Supreme Court.

Ludwig filed a civil rights action in District Court against Berks County, the Berks County Court of Common Pleas, Judge Scott Keller, who presided over Ludwig's custody case, and Judge Arthur Grimm, who allegedly promulgated court rules in violation of state law. Ludwig also sued the court-appointed physicians in her case, Dr. Timothy Ring and Dr. Larry Rotenberg, custody masters Kenneth Meyers and Pamela Ullman, her husband's attorney, Jacqueline Mark, and the District Attorney for Berks County, Mark Baldwin.

Ludwig claimed that she was denied her rights to due process and equal protection of the law in the state court proceedings. She alleged, among other things, that Dr. Ring submitted a false report to the court, that custody master Ullman colluded with Jacqueline Mark and Dr. Ring to manufacture a false record, and that Judge Keller precluded her

2

from presenting evidence and conducting cross-examination and applied the wrong law. Ludwig further alleged that District Attorney Baldwin failed to investigate the alleged collusion, that custody master Meyers failed to recuse himself and falsified documents, and that Dr. Rotenberg colluded with Dr. Ring and Judge Keller to falsify the record.

Ludwig further claimed that her rights under the Americans with Disabilities Act were violated. Ludwig alleged that she suffers from "the visual disability of Kerataconus and ADD," and that Ullman denied her work and educational accommodations and issued a support order based on fictitious income. Ludwig brought three additional causes of action under 42 U.S.C. § 1983 and § 1985 for the deprivation of her right to a fair trial, false arrest and imprisonment, and conspiracy to interfere with her civil rights. These claims were based on the alleged errors in her custody proceedings, the purported false record, and her alleged incarceration during the proceedings. Finally, Ludwig brought state law causes of action for libel, slander, and defamation, and negligent infliction of emotional distress.

The District Court granted the defendants' motions to dismiss the complaint, concluding that the Rooker-Feldman doctrine barred many of Ludwig's claims, and that the defendants are all immune from suit for their alleged conduct. See generally Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). This appeal followed. Our standard of review of the District Court's application of the Rooker-Feldman doctrine is plenary, Turner v.

3

Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006), as is our review of the District Court's decision that the defendants are immune from suit. Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000).

Ludwig argues on appeal that the District Court failed to address her due process claim. The District Court, however, indirectly adjudicated this claim in holding that the Rooker-Feldman doctrine bars Ludwig's claims against many of the defendants, and, to the extent that Ludwig's claims are not so barred, the defendants are immune from suit. Ludwig further argues that the District Court should have allowed her to amend her complaint before dismissing it. We disagree. As discussed below, amendment in this case would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

The District Court correctly ruled that the Rooker-Feldman doctrine bars Ludwig's claims against Judge Keller. The Rooker-Feldman doctrine applies to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). Although raised as a federal constitutional claim, Ludwig's assertions that Judge Keller precluded her from presenting evidence and cross-examining witnesses and misapplied the law indirectly attack the custody determination adjudicated in state court. Because a ruling that Ludwig's due process rights were violated based on Judge Keller's

4

rulings would have required the District Court to find that the state court judgment was erroneous, the Rooker-Feldman doctrine bars Ludwig's claims against Judge Keller. See Marran v. Marran, 376 F.3d 143, 153 (3d Cir. 2004).

We disagree with the District Court, however, that the Rooker-Feldman doctrine bars Ludwig's due process claims against Drs. Ring and Rotenberg, custody masters Meyers and Ullman, and her husband's attorney, Jacqueline Mark, based on their alleged improper conduct in the custody proceedings. Ludwig alleged that these defendants colluded and provided false reports to the state court. We addressed a somewhat similar situation in Marran, which also involved a custody dispute. In that case, the state court judge adjudicated allegations of abuse and relied on the county's finding that the allegations were unfounded. The plaintiff alleged in her federal complaint that the county defendants violated her due process rights by failing to conduct an adequate investigation of the abuse allegations. We held that Rooker-Feldman was not implicated because a finding that the county defendants violated the plaintiff's due process rights would not require a finding that the state court erred in relying on the report stemming from the county's investigation. Marran, 376 F.3d at 154. Similarly, a finding that Drs. Ring and Rotenberg, Meyers, Ullman, and Mark violated Ludwig's due process rights would not require a finding that the state court erred in relying on their reports. As in Marran, such a determination may have an effect on the custody determination, but Rooker-Feldman is not implicated.

Although the District Court had jurisdiction over these claims, as well as Ludwig's claims against District Attorney Mark Baldwin, Judge Grimm, and Berks County, the District Court correctly held that the defendants are immune from suit. As further discussed by the District Court, the Berks County Court of Common Pleas is immune from suit under the Eleventh Amendment, Benn v. First Judicial Dist. of Pennsylvania, 426 F.3d 233, 240 (3d Cir. 2005), and is not a "person" subject to liability under 42 U.S.C. § 1983. Callahan v. City of Philadelphia, 207 F.3d 668, 673 (3d Cir. 2000). Any remaining claims for damages against Judge Keller in his official capacity are similarly barred. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). In his personal capacity, Judge Keller has absolute immunity from liability for his judicial acts. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006).

Ludwig's claims against Judge Grimm are based on his promulgation of local court rules, which Ludwig contends violate Pennsylvania law. The District Court correctly held that Judge Grimm is entitled to legislative immunity for his part in the adoption of the local rules. See Gallas, 211 F.3d at 773-74. The District Court also correctly held that Drs. Rotenberg and Ring, who the court appointed to evaluate the parties, and custody masters Meyers and Ullman, are entitled to judicial immunity because they acted as arms of the court. Hughes v. Long, 242 F.3d 121, 126-27 (3d Cir. 2001).

6

We also agree with the District Court that District Attorney Mark Baldwin is entitled to absolute prosecutorial immunity from Ludwig's claim that he failed to prosecute private criminal complaints that she filed against the other defendants. See Kulwicki v. Dawson, 969 F.2d 1454, 1463-64 (3d Cir. 1992). Because Ludwig does not state a claim against Baldwin or the Berks County Court of Common Pleas, Ludwig's claim against Berks County, which she sought to hold financially responsible for their acts, was properly dismissed.

Finally, the District Court did not err in dismissing Ludwig's claims against her husband's attorney, Jacqueline Mark. Ludwig does not state a constitutional claim against Mark because she is not a state actor acting under color of state law. 42 U.S.C. § 1983. Mark is entitled to immunity from Ludwig's state law defamation claims because the alleged tortious communications were made in connection with a judicial proceeding. Post v. Mendel, 507 A.2d 351, 356 (Pa. 1986).[1]

Accordingly, we will affirm the order of the District Court.

---

[1]Mark's April 16, 2008, request that this appeal be dismissed on other grounds is denied as moot. In addition, Ludwig's motion to include new evidence into the record is denied. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) (noting court of appeals cannot consider material on appeal that is outside the district court record). Finally, we note that Ludwig sought declaratory judgments requiring the Berks County District Attorney's Office to conduct various investigations. Ludwig, however, did not name the District Attorney's Office as a defendant in her complaint.